IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYMOND A. TONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00312-O-BP |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, NOTICE, AND ORDER

Plaintiff Raymond A. Toney ("Toney") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for disability insurance benefits under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

## FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

Toney filed an application for supplemental security income on July 5, 2013. Transcript ("Tr.") 12. He alleged disability beginning on December 15, 1992. *Id.* The Commissioner denied the claim initially on November 26, 2013, and denied his claim again upon reconsideration on April 18, 2014. *Id.* Toney requested a hearing, which was held before Administrative Law Judge ("ALJ") Christopher Van Dyck on August 20, 2015. *Id.* Present at the hearing were Toney, his

attorney, and Carol S. Bennett, an impartial vocational expert ("VE"). *Id.* The ALJ issued his decision on October 29, 2015, finding that Toney was not disabled. Tr. 23.

In his decision, the ALJ employed the statutory five-step analysis. At step one, he found that Toney had not engaged in substantial gainful activity since since July 5, 2013, the application date. Tr. 14, Finding 1. At step two, the ALJ determined that Toney had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, allergic rhinitis, hypertension, chronic pain syndrome, post-laminectomy syndrome, and adjustment disorder with mixed anxiety and depressed mood. *Id.*, Finding 2. At step three, the ALJ found that Toney did not have an impairment or a combination of impairments that meets or medically equals the severity of one of those listed in 20 C.F.R. Pt. 404(p). Tr. 16, Finding 3. In particular, the ALJ concluded that Toney had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except that he could reach overhead bilaterally. Tr. 18, Finding 4. At step four, the ALJ decided that Toney had no past relevant work. Tr. 21, Finding 5. And at step five, the ALJ found that there existed a significant number of jobs in the national economy that Toney could perform. Tr. 22, Finding 9. In particular, the ALJ noted the jobs of small products assembler, inspector, and grader/sorter, based on the testimony of the VE. *Id*. As a result of the five-step analysis, the ALJ found that Toney had not been under a disability since July 5, 2013. Tr. 23, Finding 10.

The Appeals Council denied Toney's request for review on February 8, 2017. Tr. 1–4. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II. FACTUAL BACKGROUND

Toney was born on September 22, 1968. Tr. 38, 512. He has a high school education and no past work experience. Tr. 512–13.

## III. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to obtain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if

the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV. ANALYSIS

Toney raises one issue on appeal: that the medical assessment of his treating physician, Dr. David Mason ("Mason"), conflicts with the decision to deny him benefits and shows that the Commissioner's decision is not supported by substantial evidence. Tr. 1230–32; ECF Nos. 15 at 5–6 and 17 at 1. Initially, in his opening brief, Toney claimed that the ALJ committed error by not addressing Mason's medical assessment. ECF No. 15 at 6. The Commissioner pointed out in her response brief that Toney did not submit Mason's assessment to the ALJ, who thus could not have considered it. ECF No. 16 at 3. Toney in fact submitted Mason's opinion to the Appeals Council ("AC"). *Id.* Toney admitted his error in his reply, and he now argues that the AC, not the ALJ, committed the error in not evaluating Mason's assessment. ECF No. 17 at 2.

Upon request by the claimant, the district court reviews the Commissioner's final decision, which includes the record before the ALJ and the record before the AC, including any new and material evidence submitted to the AC. *Higginbotham*, 405 F.3d at 337. The Commissioner agrees that the Court should review the additional evidence submitted to the AC, but simultaneously argues that the Court should not remand because Toney did not have good cause for failing to submit the evidence to the ALJ under sentence six of 42 U.S.C. § 405(g): "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." ECF No. 16 at 4–5.

However, 42 U.S.C. 405(g) considers evidence not yet in the record before the district court, and evidence before the AC, even if never before the ALJ, is part of the record before this Court. *See Higginbotham*, 405 F.3d at 337; *Michaels v. Colvin*, 4:14-CV-382-Y, 2015 WL 4940620, at *1 (N.D. Tex. Aug. 19, 2015) ("[T]here was no good-cause requirement here. There

was no evidence submitted to the district court that was not already part of the administrative record. A[s] such, the remand standard set forth in sentence six of § 405(g) does not apply.") (citing *Jones v. Astrue*, 228 Fed. App'x 403, 407 (5th Cir. 2007)). Indeed, the cases that the Commissioner cites for this good-cause requirement all concern new evidence outside the record of the ALJ and the AC, not new evidence brought at the AC stage. *See Geyen v. Sec'y of Health & Human Services*, 850 F.2d 263, 264 (5th Cir. 1988) (holding that new evidence submitted at the district court stage must satisfy good cause before remand); *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (holding that new evidence submitted at the court of appeals stage must satisfy good cause before remand); *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) (likewise concerning new evidence submitted at the court of appeals stage).

New evidence submitted at the AC stage falls under 20 C.F.R. § 404.970. This regulation, in its amended version effective on January 17, 2017, does require good cause for additional evidence submitted to the AC, but it also requires the AC to send "a notice that explains why it did not accept the additional evidence." 20 C.F.R. § 404.970(b–c). The AC itself does not appear to have rejected Mason's assessment, as it considered "the evidence currently of record"—which would include Mason's—and only noted that it rejected certain medical records from JPS Health Network, but said nothing about Mason's assessment. Tr. 2. The Commissioner cannot now ask the Court to reject evidence in the record for lack of good cause when the Commissioner's AC did not previously reject the evidence in the manner required by the Regulations.

Essentially, then, the task before the Court is to decide whether remand is warranted based on the submission of Mason's assessment to the AC. The AC's decision to decline to review an ALJ's decision is included in the Commissioner's final decision and is reviewable in the district court. *Higginbotham*, 405 F.3d at 337. The AC is not required to discuss additional evidence in

6

detail or respond to argument in its denial notices. HALLEX § I-3-5-90, 2001 WL 34096367, at *1; *McGee v. Astrue*, CIV. A. 08-0831, 2009 WL 2841113, at *5 (W.D. La. Aug. 28, 2009). Nor is remand required "simply because the Appeals Council failed to address the evidence in its decision." *McGee*, CIV. A. 08-0831, 2009 WL 2841113, at *6 (citing *Higginbotham v. Barnhart*, 163 Fed. App'x. 279 (5th Cir. 2006)). The standard remains the same: whether substantial evidence supports the ALJ's decision. *Higginbotham*, 163 Fed. App'x. at 282; *see also Lee v. Astrue*, 310-CV-155-BH, 2010 WL 3001904, at *8 (N.D. Tex. July 31, 2010) (Ramirez, J.) ("The issue therefore is whether the new evidence [submitted to the AC] diluted the record to such an extent that the ALJ's determination became insufficiently supported.").

"The standards governing consideration of additional evidence by the Appeals Council and district court are similar in requiring that the evidence be both new and material. In this context, material evidence creates 'a reasonable possibility that it would have changed the outcome of the [Commissioner's] decision.'" *Thomas v. Colvin*, 587 Fed. App'x. 162, 165 (5th Cir. 2014) (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987)) (bracketed material in original).

The parties agree that Mason's "Medical Assessment of Ability to Do Work-Related Activities (Physical)" was submitted to the AC but not to the ALJ. ECF Nos. 16 at 3 and 17 at 2. Mason's assessment is dated October 29, 2015, and is a form assessment marked "Bailey & Galyen Attorneys—Attorney Work Product" that generally contains little or no explanation of the conclusions found in the assessment. Tr. 1232. In this assessment, Mason wrote that Toney's lifting and carrying ability was affected by his impairment, with a maximum of 20 pounds occasionally (up to one-third of an eight-hour day) and a maximum of 5 pounds frequently (from one-third to two-thirds of an eight-hour day). Tr. 1230. A medical finding of "failed back syndrome" and "HNP LS Spine" supported this assessment. *Id.* Mason found that Toney's standing

7

and walking ability was affected by his impairment, and that Toney could stand and/or walk for four hours total and up to one hour without interruption. *Id.* A medical finding of "failed back syndrome" supported this assessment. *Id.* Mason likewise found that Toney's sitting ability was affected by his impairment, and that Toney could sit for four hours total and up to one hour without interruption. *Id.* A medical finding of "failed back syndrome" supported this assessment. *Id.* Mason found that Toney could occasionally (up to one-third of an eight-hour day) kneel, crouch, stoop, balance and crawl, but could not climb, as supported by a finding of "failed back syndrome." Tr. 1231. According to Mason, Toney's impairment affected his reaching and pushing/pulling abilities. *Id.* Finally, in answer to the question "Can claimant sustain any work activity for five days a week, eight hours a day, fifty weeks a year," Mason simply wrote "No." Tr. 1232.

In comparison, the ALJ came to his decision after first assessing Toney's RFC, which he found was the capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the exception that Toney could reach overhead occasionally bilaterally. Tr. 18. The ALJ came to this conclusion after considering Toney's testimony, medical records from a number of different sources, and reports from state agency physical reviewers, mental reviewers, and others. Tr. 18–21. In particular, the ALJ found that the state agency medical reviewers' opinion at the reconsideration level that Toney could sit for six hours and stand for four hours with limited overhead reach was reasonable and aligned with medical evidence. Tr. 21. However, the ALJ developed an RFC that was more limited than that opinion, because of inconsistencies in the state agency opinions and to "afford benefit of doubt to the claimant." *Id.* At the hearing, the ALJ asked the VE a hypothetical question consistent with this RFC that assumed the individual could stand and/or walk a total of four hours; could climb ramps and stairs, but not ladders, ropes, or scaffolds; could balance, stoop, kneel, crouch, and crawl; and could "reach occasionally overhead with the

8

bilateral upper extremities." Tr. 532. The VE testified to a selection of jobs performable by someone who could only stand for four hours. Tr. 533–35. The ALJ then asked another hypothetical, whether a person who could only sit for four hours and stand and walk for one hour could do those jobs or any other jobs, and the VE replied in the negative. Tr. 536. On cross-examination, Toney's attorney questioned the VE concerning the mental limitations of the professions the VE listed, but she did not ask any questions concerning the physical limitations of the hypothetical question or the professions listed. Tr. 537–541. The ALJ wrote in his opinion that he utilized the testimony of the VE in coming to his conclusion that, given his RFC, Toney could perform the jobs of small products assembler, inspector, and grader/sorter. Tr. 22.

The undersigned finds that Mason's assessment is not material as there is no reasonable possibility that it would have changed the outcome of the Commissioner's decision. *See Thomas*, 587 Fed. App'x. at 165. Mason's assessment is nearly identical to the hypothetical question, based on the RFC, that the ALJ put to the VE at the hearing. Both Mason and the ALJ's question to the VE limit Toney to four hours of standing. Tr. 532 and 1230. Both limit Toney's ability to reach overhead. *Id.* Both limit his ability to climb, but not his ability to perform other activities like kneeling or balancing, though Mason's assessment does not distinguish between types of climbing as the ALJ's hypothetical did. Tr. 532 and 1231. Mason's differing final assessment—simply answering "No" to the question of whether Toney could sustain any work activity for five days a week, eight hours a day, fifty weeks a year—is completely unexplained and unsubstantiated. *See* Tr. 1232. Such a "brief and conclusory" statement is not entitled to the usual deference given to the opinions of a treating physician. *See Perez*, 415 F.3d at 466 (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)).

Indeed, the few slight differences between Mason's assessment and the ALJ's decision derive from the lack of detail and support in Mason's assessment, not from any substantiated medical analysis. For example, Toney argues that remand is required because the ALJ found that Toney's overhead reaching was limited to occasional bilateral reaching, whereas Mason "put no such qualifiers upon the limitation." ECF No. 15 at 7. Mason put no such qualifier on his limitation because all he did was check a blank on a form assessment sheet without further explanation, which does not create the sort of material inconsistency that would place the ALJ's entire opinion in doubt. *See* Tr. 1231. Mason's assessment is not material, and there is no reasonable possibility that it would have changed the outcome of the Commissioner's final decision.

## V. CONCLUSION

The AC properly denied Toney's request for review based upon the record before it. Because the Commissioner employed the correct legal standard and substantial evidence supports the Commissioner's decision, the Commissioner's decision should be **AFFIRMED**.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C.

§ 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **December 26, 2017** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed December 12, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE